

FILED
Nov 08, 2019
08:57 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Donina Valle, **Employee,** | ) Docket No. 2018-06-2262 |
| v. | ) |
| American Lumper Service, Inc., **Employer,** | ) State File No. 93985-2018 |
| And | ) |
| Arch Insurance Company, **Carrier.** | ) Judge Kenneth M. Switzer |

---

# EXPEDITED HEARING ORDER

---

Donina Valle requested medical and temporary disability benefits for back, neck and arm injuries from a fall at work. American Lumper Service argued that it offered all the medical benefits to which Ms. Valle is entitled, and she is not entitled to temporary disability benefits.[1] After an expedited hearing on November 6, the Court holds that Ms. Valle is entitled to a panel of orthopedists in Columbus, Ohio, where she relocated, but not temporary disability benefits.

## History of Claim

Ms. Valle testified that she worked as a laborer for ALS loading and unloading boxes and packages off a conveyor belt into trucks.[2] On November 15, 2018, Ms. Valle noticed a tall stack of boxes on the belt that were beyond her reach. She stepped up, attempting to retrieve the boxes. Her left foot "got stuck in a band that was placed there incorrectly." Ms. Valle lost her balance, slipped and fell to the floor, landing on her back. She injured her back, head and shoulder. Coworkers helped her up, and she walked to a nearby table to sit. ALS introduced video footage that depicted the accident

---

[1] The dispute certification notice also lists compensability and willful misconduct as issues, but ALS did not raise these arguments at the hearing.

[2] Ms. Valle speaks Spanish, and ALS provided an interpreter at the hearing.

1

substantially as Ms. Valle described it. ALS sent her to an urgent-care clinic several days later rather than offering a panel of physicians at the time of injury.[3]

At the first visit, providers diagnosed cervical and right-shoulder strains, and contusions to her head, lumbar spine and hand. They prescribed medication, referred her to physical therapy and assigned restricted duty. Ms. Valle returned for follow-up visits until the end of February. She participated in physical therapy and underwent a shoulder injection. MRIs of the lumbar spine and shoulder revealed no acute findings. The physician released her from treatment on February 27, 2019.

Afterward, ALS offered a panel of orthopedic specialists, and Ms. Valle chose Dr. Joseph Wieck. She saw him twice. At the first visit in May, he assessed low-back and right-shoulder pain but concluded that she was "treated adequately" for the work injury. He placed her at maximum medical improvement, released her to work without restrictions, and assigned a zero-percent impairment rating. Dr. Wieck also wrote that she "will follow up with us as needed." He later signed a form C-30A indicating that he did not anticipate the need for future treatment for her injury.

After Ms. Valle filed her hearing request, ALS authorized the second visit. ALS provided transportation to and from Columbus, Ohio to Dr. Wieck's office in Tennessee. At the October 28 visit, he noted, "We again discussed this at length with her. We discussed that there is not evidence of significant injury or anything that would require further intervention. I would treat this with anti-inflammatory and stretching and strengthening exercises. She remains fit for work. She will followup [sic] if needed." Ms. Valle testified, and Dr. Wieck's records confirm, that he gave her a prescription for pain medication at the appointment.

Following her injury, Ms. Valle returned to work in early December 2018. ALS accommodated her restrictions for approximately three weeks and then returned her to full duty, although her restrictions remained in place until February 25. Ms. Valle testified that she found it difficult due to pain to work two consecutive days at full duty, so she asked to work every other day. She said the "boss's right hand" agreed to this and said he would not report it to her supervisor. Ms. Valle agreed she could not do any heavy lifting at that time due to the work injury and kidney stones. ALS terminated her on April 10, 2019. Her testimony did not offer a reason for the termination. Likewise, ALS offered no proof on why it discharged her.

Ms. Valle testified that she underwent surgery to remove "kidney stones" two days later. ALS characterized the procedure as related to gallstones but introduced no records from the surgery or follow-up care. Ultimately, Ms. Valle moved to Ohio and sought unauthorized treatment for her work injury at an urgent-care clinic. She further testified

---

[3] The mediator referred the case to the Compliance Program for consideration of a penalty.

that she is currently participating in physical therapy at her own expense. The Court admitted no records or bills from this treatment into evidence.

Ms. Valle said she still experiences daily pain from the injury, which leaves her unable to work. The dispute certification notice listed temporary disability benefits as an issue, but she made no arguments regarding her entitlement to them. Rather, she only requested medical treatment.

For its part, ALS questioned Ms. Valle's credibility and whether the incident resulted in serious injuries. It contended it provided all treatment to which she is entitled, and that she was released for full-duty work with no impairment. As for temporary disability benefits, ALS argued Ms. Valle's termination was due to missing work for her gallstones, which "mimic back pain."

## Findings of Fact and Conclusions of Law

Ms. Valle must present sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019).

Initially the Court addresses ALS's contention that Ms. Valle lacked credibility. The Tennessee Supreme Court gave indicators of witness credibility, so that trial courts consider whether a witness is "calm or agitated, at ease or nervous, self-assured or hesitant, steady or stammering, confident or defensive, forthcoming or deceitful, reasonable or argumentative, honest or biased." *Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014). The Court observed Ms. Valle and finds she was calm, at ease, self-assured, steady, confident, forthcoming, reasonable and honest.

Next, the Court turns to Ms. Valle's request for additional treatment. ALS argued that the authorized treatment it provided satisfied its obligations under the Workers' Compensation Law.

Tennessee Code Annotated section 50-6-204(a)(3)(H) provides that any treatment recommended by a physician selected from a panel is presumed medically necessary. Further, the Appeals Board held that, where a panel-selected physician finds no additional treatment necessary and places the injured worker at maximum medical improvement, absent evidence to the contrary, the worker is not entitled to additional treatment. *Petty v. Convention Prod. Rigging,* 2016 TN Wrk. Comp. App. Bd. 95, at *18-19 (Dec. 29, 2016). Ms. Valle chose Dr. Wieck from a panel. Dr. Weick signed a C-30A stating he did not anticipate further medical treatment. However, at her last office visit in October, Dr. Wieck treated her with prescription medication and agreed that she could "follow-up as needed."

3

Similar circumstances occurred in *Limberakis v. Pro-Tech Security, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53 (Sept. 12, 2017). In that case, the employer accepted the claim and provided authorized care until the physician refused to schedule further appointments. The trial court ordered the employer to replace that doctor on a panel and provide reasonable, necessary and related treatment with the employee's selected panel physician. The employer appealed.

On appeal, the Appeals Board affirmed. The Board cited longstanding law that, "an employee's assessment as to his or her own physical condition is competent testimony that is not to be disregarded." *Id.* at *6. The Board further held that "an employer cannot unilaterally terminate an employee's entitlement to reasonable and necessary medical benefits following a compensable work injury," and, "Unless a court terminates an employee's entitlement to medical benefits, or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury[.]" *Id.* at *7.

Ms. Valle credibly testified that she suffered an injury that altered her ability to perform her work duties and that she still suffers pain from the work accident. The Court rejects ALS's unsupported argument that Ms. Valle's gallstones rather than work might be responsible for her back pain. Although Dr. Wieck seemed to have little to offer her, he continued to treat Ms. Valle and indicated a willingness to do so "as needed." ALS cannot unilaterally terminate Ms. Valle's right to reasonably necessary and related treatment. At this interlocutory stage, the Court has neither terminated her entitlement to treatment nor approved a settlement compromising the issue of future medical benefits. Thus, Ms. Valle remains entitled to medical benefits.

Ordinarily the Court would order that Ms. Valle be permitted to return to Dr. Wieck. However, since she has moved to Columbus, Ohio, ALS must provide a panel of orthopedic specialists "in the injured employee's community." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i).

Finally, Ms. Valle requested temporary disability benefits, although she stated during her testimony that she only wanted additional treatment. However, at the close of the hearing, she asked whether this order will address her entitlement to temporary disability benefits.

Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery. *Hackney v. Integrity Staffing Solutions, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *11 (July 22, 2016). In all cases of temporary partial disability, the compensation shall be sixty-six and two-thirds percent of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is

4

able to earn in the worker's partially disabled condition. Tenn. Code Ann. § 50-6-207(2)(A). Further, a termination due to a violation of workplace rules may relieve an employer of its obligation to provide temporary partial disability benefits, provided the termination was related to the workplace violation. *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *8 (Dec. 11, 2015).

Applying these principles, Ms. Valle offered no proof of her wages at the time of her injury or the wage she earned in her partially disabled condition. She likewise provided little detail about her termination other than she asked for a schedule that allowed her to not work consecutive days due to pain. Neither party offered proof as to whether the termination related to a workplace violation or her work injury. Ms. Valle has not satisfied her burden, and her request is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. ALS must offer a panel of orthopedic specialists in Ms. Valle's community (Columbus, Ohio) for any additional reasonable and necessary treatment related to the work injury.

2. Ms. Valle's request for temporary disability benefits is denied at this time.

3. This case is set for a status hearing on **January 28, 2020, at 9:45 a.m. Central time**. The parties must call 615-532-9552 or toll-free 866-943-0025 to participate in the hearing.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED November 8, 2019.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:

1. Affidavit of Donina Valle
2. Composite Medical records
3. First Report on Injury
4. Panel of Physicians, March 23, 2019
5. Panel of Physicians, unsigned
6. Ohio Bureau of Workers' Compensation-Physician's Report of Work Ability (identification only)
7. Video footage of accident
8. Panel of Physicians, May 2, 2019
9. Email from the nurse case manager to the adjuster

Technical Record:

1. Petition for Benefit Determination
2. Penalty Referral
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Employer's Brief

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on November 8, 2019.

| Name | Certified Mail | Email | Sent To: |
|---|---|---|---|
| Donina Valle, self-represented employee | X | | 2388 Northland Square Drive South, Apt. E Columbus, OH 43231-5831 |
| Sean Hunt, Employer's Attorney | | X | sean@thehuntfirm.com mohammed@thehuntfirm.com |

Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals
Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                              RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing        $ _____ per month

Gas              $ _____ per month    Child Care      $ _____ per month

Transportation   $ _____ per month    Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct.  $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____              _____

_____              _____

_____              _____

_____              _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                RDA 11082